1  Michael C. Fallon, SBN 088313
   Attorney at Law
2  100 E Street, Suite 219
   Santa Rosa, California 95404
3  Telephone: (707) 546-6770

4  Attorney for Debtor

5

6

7                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF CALIFORNIA
8

9  In Re:                                   Case No. 10-13509

10 Frazier Winery LLC                        Chapter 11
   IDN 68-0258539
11

        Debtor.
12  _____/

13

14          **STIPULATION FOR USE OF CASH COLLATERAL**
            **GRANT OF ADEQUATE PROTECTION LIENS**
15                      **ORDER THEREON**

16      This Stipulation is made on the date indicated below, by and between Debtor and Debtor-

17 in-Possession, Frazier Winery LLC ("Debtor"), and secured creditor It's a Jungle Out There, Inc.

18 ("Jungle").  This Stipulation is based on the following facts:

19      A.      Jungle contends that on or about September 10, 2008 Debtor through Willard

20 Frazier, dba Frazier Winery, made, executed and delivered to Jungle a written Commercial

21 Security Agreement, and related documents (the "Security Agreement").  Pursuant to the Security

22 Agreement, Jungle agreed to provide Debtor with a loan in the amount of $325,000.00, and

23 Debtor granted Jungle a security interest and Lien in all of DEBTOR'S RIGHT, TITLE AND

24 INTEREST IN ALL VINTAGES OF FRAZIER CASE GOODS DISPOSITION OF ANY OF

25 THE COLLATERAL DESCRIBED HEREIN, ALL PROCEEDS (INCLUDING INSURANCE

26 PROCEEDS) FROM THE SALE, DESTRUCTION, LOSS, OR OTHER DISPOSITION OF

27 ANY OF THE COLLATERAL DESCRIBED HEREIN, AND SUMS DUE FROM A THIRD

28 PARTY WHO HAS DAMAGED OR DESTROYED THE COLLATERAL DESCRIBED

BN 7268345v3                                1

1  HEREIN OR FROM THAT PARTY'S INSURER, WHETHER DUE TO JUDGMENT."

2  collectively, the "Collateral").

3      B.      Jungle asserts it perfected its security interest in its Collateral by taking an

4  assignment of Bank of Alameda's UCC-1 Financing Statements that had previously been filed

5  with the California Secretary of State after paying Bank of Alameda the $325,000.00 balance of

6  the Loan and by filing its own UCC-1 Financing Statements.

7      C.      On September 10, 2010, Debtor filed with the Court a Voluntary Petition

8  ("Petition") seeking relief under Chapter 11 of the Bankruptcy Code in the above captioned

9  Court.

10      D.      No trustee has been appointed in the case, and Debtor remains as Debtor-In-

11  Possession.

12      E.      Jungle asserts that as of the date of the Petition the Debtor was indebted to Jungle

13  under the Security Agreement in an aggregate (principal, interest and fees) of at least $490,000.00

14  (the "Indebtedness"). The Indebtedness together with all of the other obligations under the

15  Security Agreement is referred to as the "Pre-Petition Debt."

16      F.      All cash and cash equivalents received by the Debtor in the operation of its

17  business, whether before or after the filing of the Petition, received by Debtor from the

18  disposition of any of the Collateral existing on the date of the Petition and subject to the perfected

19  lien and security interest claimed by Jungle to have been created by the Security Agreement

20  constitute cash collateral as defined in 11 USC § 363 ("Cash Collateral").

21      G.      Pursuant to 11 USC § 363, Debtor is prohibited from using, selling or leasing

22  estate property outside the ordinary course and from using Cash Collateral absent the consent of

23  the secured creditors holding a lien thereon or authorization of the Bankruptcy Court following

24  notice and hearing.

25      H.      Pursuant to 11 USC § 363 (c) (4) the Debtor is required to segregate and account

26  for all Cash Collateral in its possession, custody or control.

27      I.      Debtor and Jungle wish to permit Debtor to use some of the Cash Collateral

28  pursuant to the limitations of the Bankruptcy Code and the terms and conditions of this

BN 7268345v3                                    2

Stipulation. Debtor and Jungle agree that entry of an order approving this Stipulation is in the best interest of the Debtor's estate.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AS FOLLOWS AND REQUEST THE COURT TO ENTER THIS STIPULATION AS AN ORDER:

Conditions Precedent. The effectiveness of this Stipulation is subject to the satisfaction of each of the following conditions precedent: (a) the Debtor shall have executed and delivered this Stipulation to Jungle; and (b) the Court shall have entered its order approving this Stipulation.

Terms and Conditions. The Debtor is authorized to use the Cash Collateral to and including January 1, 2011 (or such later date as Debtor and Jungle agree to in writing) upon the following terms and conditions.

a. The Debtor shall (i) provide Jungle with weekly reports of cash receipts and disbursements, accounts receivable, inventory and cash in the debtor in possession account at Bank of America and in all other accounts, (ii) allow Jungle reasonable inspection of the business premises, its books and records, the Collateral and the Cash Collateral, (iii) furnish Jungle copies of each operating statement and other financial information that Debtor files with the Bankruptcy Court and/or submits to the U.S. Trustee, and such additional information regarding the business affairs, financial condition and the Collateral of the Debtor that Jungle may reasonably from time to time request. (The reports described above shall be provided to Jungle promptly, but in no event later than one week after Jungle's written request.)

b. The Debtor shall maintain property and liability insurance coverage on the Collateral in such amounts as Jungle may reasonably require, and keep such existing insurance policies current and in effect at all times, naming Jungle as loss payee as necessary to compensate Jungle for the loss of any Collateral. Within 10 days of the date of this Stipulation and Order, Debtor shall provide copies of all such insurance policies (including all endorsements, declarations, and amendments) to Jungle;

c. Debtor shall immediately give written notice to Jungle of (i) any Termination Event (defined below), (ii) the occurrence of any event, which, upon the giving of notice or passage of time, or both, would constitute a Termination Event, and (iii) any matter which has

1 | resulted, or might result, in a material adverse change in the Collateral, financial condition or

2 | results of the operations or business of Debtor;

3 |       d.     As partial adequate protection for any diminution in the value of the Collateral

4 | resulting from (i) the use of Cash Collateral (including without limitation the transfer of Cash

5 | Collateral from the Wells Fargo Accounts to the Debtor in Possession Account at Bank of

6 | America), (ii) the use, sale or lease of the Collateral (other than the Cash Collateral), Jungle shall

7 | receive a valid and perfected replacement security interest in, and replacement lien upon, all

8 | Debtor's post-petition assets, however acquired, (other than avoidance actions) which lien shall

9 | have the same extent and priority as Jungle's pre-petition liens.  To the extent that this

10 | replacement lien proves to be inadequate to replace Cash Collateral expended, Jungle shall be

11 | granted a superpriority claim under 11 U.S.C. § 507(b) to the extent of any shortfall of Collateral

12 | (without modification to the priorities set forth in the Bankruptcy Code section 726(b) in the

13 | event of a conversion to Chapter 7).  The replacement lien granted pursuant to this Stipulation

14 | shall constitute a valid and duly perfected security interest and lien upon the execution of the

15 | order approving this Stipulation by the Bankruptcy Court ("Order").  Jungle shall not be required

16 | to file or serve financing statements, notices of lien, or similar instruments which otherwise may

17 | be required under federal or state law in any jurisdiction, or take any action, including taking

18 | possession, to validate and perfect such security interest and liens.  The Order of the Bankruptcy

19 | Court approving this Stipulation shall be deemed sufficient and conclusive evidence of the

20 | security interests, liens and the replacement liens granted hereunder and the perfection thereof.

21 | The said super priority claim given to Jungle is limited to losses suffered by Jungle from the

22 | debtor's post-petition use or sale of Jungle's cash collateral and shall attach to all of the debtor's

23 | assets, including any recovery from avoidance actions.

24 |       e.     Debtor shall provide to Jungle and its agents access to all vintages and varieties of

25 | Debtor's case goods and bulk wine inventory so that a physical inventory may be taken.

26 | Additionally, Debtor shall voluntarily provide to Jungle copies of its sales and inventory reports

27 | pertaining to its wine inventory for the period of June 2008 to the present.

28 |

BN 7268345v3

4

1    f.    Debtor shall provide to Jungle new budgets not less than ten (10) days before the

2  end of each month detailing its request for use of cash collateral for the following thirty-day

3  period.

4        Termination Events.  Each of the following is a "Termination Event":

5        a.    Breach of Covenant.  Debtor (i) defaults in the performance or observance of any

6  term, covenant or agreement contained in this Stipulation, or (ii) commits any post-petition

7  material breach of the provisions of the Security Agreement (except to the extent that such

8  provisions are inconsistent with either the Bankruptcy Code or this Order), provided that such

9  default is not existing prior to the date of this Stipulation.

10       b.    Conversion.  Debtor's Chapter 11 case is converted to a case under Chapter 7 of

11  the Bankruptcy Code.

12       c.    Dismissal.  Debtor's Chapter 11 case is dismissed.

13       d.    Diversion From Expense Budget.  Without the consent of Jungle or an order of the

14  Bankruptcy Court, Debtor uses Cash Collateral other than in accordance with the Expense

15  Budget; provided, however that a diversion from the Expense Budget of no more than 10% on an

16  individual Expense Budget line item shall not be a Termination Event so long as Debtor does not

17  exceed the total Expense Budget by more than 10% during any given period.

18       e.    Collateral Controls.  Debtor fails to adequately maintain, control and account for

19  the Collateral or the Cash Collateral.

20       f.    Sale of Assets.  The Debtor sells or transfers any of its inventory outside of the

21  ordinary course of business.

22       g.    Cessation Of Business.  Debtor ceases to do business.

23       h.    A trustee is appointed.

24       i.    Debtor, or any other person or entity attempts to attack the nature, extent, validity

25  and/or priority of Jungle's lien, provided, however, Debtor specifically reserves its right to seek

26  an order authorizing use of cash collateral in the event of such a challenge to Jungle's lien.

27       Termination of Debtor's Right to Use Cash Collateral

28

a. In the event of a Termination Event, Debtor's right to use Cash Collateral shall immediately terminate, and the Debtor shall not use Cash Collateral thereafter without further written consent of Jungle or an Order of the Bankruptcy Court; provided, however, that the Debtor's right to use Cash Collateral shall terminate only after Jungle provides three calendar days written notice to Debtor and its counsel, and provided further that no order allowing the Debtor's use of Cash Collateral is entered by the Bankruptcy Court during such three day period.

b. Upon termination of Debtor's right to use Cash Collateral, Jungle shall be entitled to apply to the Bankruptcy Court for relief from the automatic stay so that it may enforce its rights under the Security Agreement and this Order resulting from this Stipulation. Debtor agrees that a final hearing or such motion may be held on as little as five days notice to it. As set forth herein below, nothing contained in this paragraph shall prevent Jungle from otherwise seeking relief from the automatic stay.

Debtor's Representations, Warranties and Covenants. The Debtor hereby makes the following representations, warranties and covenants to Jungle.

a. Debtor shall not under any circumstances fail to perform (or resist enforcement of) any of its obligations to Jungle in connection with this Stipulation or the Security Agreement because of any alleged outstanding claim or cause of action against Jungle which has not resulted in a final judgment of a court of competent jurisdiction (sustained on appeal, if any) against Jungle.

b. Time is of the essence of every provision of this Stipulation.

c. The descriptive headings that are used in this Stipulation are for convenience only and shall not affect the meaning of any provision of this Stipulation.

d. This Stipulation and the Security Agreement contain or incorporate the entire understanding of the parties hereto with respect to the matters discussed herein. This Stipulation may not be modified or amended in any respect except by a written instrument executed by Jungle and Debtor. Debtor acknowledges and agrees that no employee or agent of Jungle shall have any actual or apparent authority to bind Jungle to any amendment except as provided herein,

and Debtor shall not be entitled to rely upon or assert any purported, implied or oral amendment or modification.

e. No failure to exercise and no delay in exercising any right, power or privilege hereunder on the part of Jungle shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege. No waiver shall affect any default Termination Event other than the default or Termination Event specified in the waiver, and such waiver shall be operative only for the time and to the extent stated. Waivers of any covenant, term or condition contained herein shall be effective only if they are contained in a written notice, and no waiver shall be construed as a waiver of any subsequent breach of the same covenant, term or condition.

f. This Stipulation shall inure to the benefit of and bind both Jungle's and Debtor's successors and assigns, including any trustee appointed in the Chapter 11 case or appointed upon conversion of this case to a case under Chapter 7 of the Bankruptcy Code.

g. Jungle shall have the right to inspect the Collateral and Cash Collateral during regular business hours and at any location with seventy-two (72) hours notice to Debtor.

h. Debtor shall not transfer any assets out of the ordinary course of business without approval of the Bankruptcy Court after notice and opportunity for hearing.

Automatic Termination. The Debtor's authority to use Cash Collateral pursuant to this Stipulation shall terminate on January 1, 2011. The Debtor shall not use Cash Collateral thereafter absent further order of this Court.

Survival Of Effects Of This Order. The provisions of this Stipulation and any actions taken pursuant hereto shall survive entry of any order which may be entered (A) converting this case to a Chapter 7 case; and (B) dismissal of this case. If an order dismissing this case under the provisions of 11 U.S.C. § 1112 or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (i) the superpriority claims, liens, replacement liens and security interests granted to Jungle pursuant to this Stipulation shall continue in full force and effect and shall maintain their priorities as provided in this Stipulation

1 until all obligations in respect thereof shall have been paid and satisfied in full (and that such

2 superpriority claims, liens and security interests shall, notwithstanding such dismissal, remain

3 binding on all parties in interest) and (ii) this Court shall retain jurisdiction, notwithstanding such

4 dismissal for the purposes of enforcing the claims, liens, security interests, and replacement liens

5 referred to above.  The terms and provisions of this Stipulation as well as the superpriority claims,

6 liens, security interests and replacement liens granted pursuant to this Stipulation shall continue in

7 full force and effect notwithstanding the entry of an order of the type described in clauses (A) or

8 (B) of this paragraph.

9       <u>Jungle's and Debtor's Further Rights</u>.  Without limiting the generality of the foregoing,

10 this Stipulation is without prejudice to Jungle's rights under (and subject to) the Bankruptcy Code

11 and applicable non-bankruptcy law, including but not limited to, Jungle's right to (a) request

12 additional adequate protection of its interest in the Collateral and Cash Collateral; (b) request

13 relief from the automatic stay under 11 U.S.C.  § 362; (c) request a conversion of Debtor's

14 Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; (d) request dismissal of

15 Debtor's Chapter 11 case; (e) request the appointment of a trustee or examiner; or (e) seek from

16 the Bankruptcy Court any other relief whatsoever.  This Stipulation is also without prejudice to

17 the Debtor's rights to request additional authorization from the Bankruptcy Court to use Jungle's

18 Cash Collateral at any future time in the absence of Jungle's consent in the event of a subsequent

19 default or expiration of this Stipulation, and without prejudice to Jungle's rights to seek an order

20 from the Bankruptcy Court terminating the Debtor's right to use Cash Collateral at any future

21 time.

22       <u>Retained Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to interpret and

23 enforce this Stipulation and Order thereon, and make such other and further orders concerning

24 Debtor's continued use of Cash Collateral as it deems warranted.  If either party fails to comply

25 with any of the terms and provisions of this Stipulation or Order thereon, or if any dispute arises

26 between the parties concerning the interpretation or enforcement of this Stipulation or Order

27 thereon, the matter or issue in dispute may be placed upon the Court's calendar on shortened

28 notice for determination and adjudication by the Court.

1       <u>The Official Unsecured Creditors Committee</u>. (1) The right of the estate and the Official

2 Committee of Unsecured Creditors (the "Committee") to challenge the extent, validity and

3 amounts of Jungle's claims and liens is preserved. (2) The Debtor shall provide to the Committee

4 the same financial information that the Dbtor provides to Jungle pursuant to the Second

5 Stipulation, and shall allow the Committee reasonable inspection of the Debtor's business

6 premises, books and records and Cash Collateral.

7 DATED: October 11, 2010

                                 Frazier Winery LLC

8

9                                   By */s/ Williard Frazier*
                                       Willard Frazier

10                                        Its Managing Member

11 Dated: October 11, 2010                       It's A Jungle Out There

12

13                                   By */s/ Robert Hower*
                                         Robert Hower

14                                        Its

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Approved as to form

Dated: October 13, 2010

/s/ Michael C. Fallon
Michael C. Fallon
Attorney for Debtor

Dated: October 11, 2010

Buchalter Nemer, A Professional Corporation
Attorneys for It's a Jungle Out There

By /s/ Peter Bertrand
Peter Bertrand

IT IS SO ORDERED.

Dated:  October 25, 2010

Alan Jaroslovsky
United States Bankruptcy Judge

BN 7268345v3

10